IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE P., ) | |
| ) | |
| Plaintiff, ) | Case No. 1:22-cv-2397 |
| v. ) | |
| ) | Magistrate Judge Jeannice W. Appenteng |
| MARTIN O'MALLEY,[1] ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Stephanie P. seeks to overturn the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Dkt. 11. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and plaintiff filed a brief explaining why the Commissioner's decision should be reversed or the case remanded. The Commissioner responded with a competing memorandum in support of affirming the decision. After review of the record and the parties' respective arguments, the Court grants the Commissioner's motion.

**BACKGROUND**

Plaintiff protectively applied for DIB on March 6, 2019 alleging disability since May 24, 2018 due to degenerative disc disease, back pain, herniated discs,

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. He is automatically substituted as the named defendant pursuant to FED. R. CIV. P. 25(d).

abdominal pain, and a developing tremor in the right hand. Administrative Record ("R.") 113, 191, 211. Born in August 1967, plaintiff was 50 years old as of the alleged disability onset date, making her a person closely approaching advanced age (age 50-54). 20 C.F.R. § 404.1563(d); R. 113, 122. She trained and worked as an EMT but quit in February 2015 due to her conditions and has not engaged in substantial gainful activity since that date.[2] R. 212-13.

The Social Security Administration denied plaintiff's application initially on July 9, 2019, and upon reconsideration on December 16, 2019. R. 71–91. Plaintiff filed a timely request for a hearing and on September 21, 2020 she appeared before an administrative law judge ("ALJ"). R. 13–41. The ALJ heard testimony from plaintiff, who was represented by counsel, and from vocational expert Thomas Dunleavy (the "VE").[3] *Id*. On October 1, 2020, the ALJ found that plaintiff's degenerative disc disease of the lumbar spine and obesity are severe impairments, but that they do not alone or in combination with her non-severe impairments meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 115-18.

After reviewing the evidence, the ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform a reduced range of light work involving simple, routine, and repetitive tasks. R. 118-22. The ALJ accepted the VE's testimony that a person with plaintiff's background and this RFC could not

---

[2] Plaintiff had filed earlier applications for benefits in March 2016 but they were denied at all levels of review and plaintiff did not appeal. R. 95-105; Dkt. 16 at 2 n.1.

[3] The hearing was held telephonically due to the COVID-19 pandemic.

2

perform plaintiff's past work, but could perform a significant number of other jobs available in the national economy. R. 122-24. As a result, the ALJ concluded that plaintiff was not disabled at any time from the alleged disability onset date through the date of the decision. R. 124. The Appeals Council denied plaintiff's request for review on March 3, 2022. R. 1-5. That decision stands as the final decision of the Commissioner and is reviewable by this Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Whitney v. Astrue*, 889 F. Supp. 2d 1086, 1088 (N.D. Ill. 2012).

In support of her request for reversal or remand, plaintiff argues that the ALJ: (1) erred by finding her capable of unskilled light work but identifying only unskilled sedentary jobs in the national economy that are available to her; and (2) made a flawed RFC determination.[4] For reasons discussed in this opinion, the Court finds that the ALJ's decision is supported by substantial evidence.

## DISCUSSION

**A.    Standard of Review**

A claimant is disabled within the meaning of the Social Security Act if she is unable to perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). In determining whether a claimant

---

[4] Arguments not specifically addressed in this opinion were not reasonably developed and have been waived. *See, e.g., Crespo v. Colvin*, 824 F.3d 667, 673 (7th Cir. 2016) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").

suffers from a disability, an ALJ must conduct a standard five-step inquiry, which involves analyzing: "(1) whether the claimant is currently employed; (2) whether [the claimant] has a severe impairment or a combination of impairments that is severe; (3) whether [the claimant's] impairments meet or equal any impairments listed as conclusively disabling; (4) whether [the claimant] can perform . . . past work; and (5) whether [the claimant] is capable of performing any work in the national economy." *Gedatus v. Saul*, 994 F.3d 893, 898 (7th Cir. 2021) (citing 20 C.F.R. § 404.1520(a)-(g)). If the claimant meets her burden of proof at steps one through four, the burden shifts to the Commissioner at step five. *Id.*

In reviewing an ALJ's decision, the Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (quoting *Gedatus*, 994 F.3d at 900). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). "[S]ocial-security adjudicators are subject to only the most minimal of articulation requirements," and ALJs need only provide "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1053-54 (internal quotations omitted) (in "shorthand terms," an ALJ must build a

4

"logical bridge from the evidence to his conclusion"); *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

B.  Analysis

    1.  **Jobs Available at Step Five**

Plaintiff argues that the case must be reversed for an award of benefits because the ALJ found her capable of unskilled light work but, at step five of the analysis, identified only unskilled sedentary positions that she can perform. As plaintiff explains, given her age and background, a limitation to unskilled sedentary work would render her presumptively disabled under the Medical-Vocational Guidelines. Dkt. 16 at 12; Dkt. 21 at 4-5. This argument fails because it is clear from the record that the ALJ made a simple typographical error that was entirely harmless.

During the administrative hearing, the ALJ asked the VE about jobs a hypothetical person could perform with plaintiff's background and RFC for work at the "light exertional level" involving: no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and stairs; occasional balancing, stooping, kneeling, crouching, and crawling; no concentrated use of or exposure to moving machinery, unprotected heights, or other workplace hazards; and only "simple, routine tasks." R. 35-36. The VE testified that such a person could perform the following jobs set forth in the Dictionary of Occupational Titles ("DOT"): (1) mail clerk (DOT #

209.687-026); (2) garment sorter (DOT # 222.687-014); and (3) price marker (DOT # 920.687-126[5]). R. 36-37.

In his decision, the ALJ accepted the VE's testimony about these available jobs but mistakenly characterized them as unskilled and sedentary as opposed to unskilled and light. R. 123. Regardless, the ALJ stated throughout his decision that plaintiff is limited to light work, R. 118, 121, 123, and the DOT confirms that the three jobs identified are considered light. *See* 1991 WL 671813 (mail clerk); 1991 WL 672131 (garment sorter); 1991 WL 687992 (price marker). In such circumstances, the ALJ's drafting error was harmless and does not support remanding the case. *See Wilder v. Kijakazi*, 22 F.4th 644, 654 (7th Cir. 2022) (quoting *Butler v. Kijakazi*, 4 F.4th 498, 504 (7th Cir. 2021)) ("We have repeatedly emphasized that 'the harmless error standard applies to judicial review of administrative decisions, and we will not remand a case to the ALJ for further specification where we are convinced that the ALJ will reach the same result'"); *Zellweger v. Saul*, 984 F.3d 1251, 1252 (7th Cir. 2021) (a reviewing court should read an ALJ's decision holistically); *Kelly P. v. O'Malley*, No. 23 C 50094, 2024 WL 1834347, at *5 (N.D. Ill. Apr. 26, 2024) ("ALJ's mistake in misstating the lifting requirements for light work was a harmless typographical error that does not warrant a remand").

---

[5] The VE provided an incorrect and non-existent DOT number for the price marker position. R. 37. The Court relies on the correct number as substituted into the ALJ's decision. R. 123.

### 2. RFC Determination

Plaintiff argues that the case still requires remand because the ALJ should not have found her to have an RFC for light work in the first instance. A claimant's RFC is the maximum work that she can perform despite any limitations. 20 C.F.R. § 404.1545(a)(1); SSR 96-8p. "[T]he responsibility for the RFC assessment belongs to the ALJ, not a physician, [but] an ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Bronwen M. v. Kijakazi*, No. 22 C 50153, 2023 WL 6388207, at *2 (N.D. Ill. Sept. 29, 2023) (quoting *Amey v. Astrue*, No. 09 C 2712, 2012 WL 366522, at *13 (N.D. Ill. Feb. 2, 2012)).

Plaintiff first argues the ALJ improperly interpreted the significance of two radiological tests, leading to a flawed RFC determination. Dkt. 16 at 13; Dkt. 21 at 2 (citing R. 792-96, 800-04) (arguing that the ALJ "erroneously played amateur doctor"). On June 19, 2019, plaintiff had an x-ray of the lumbar spine showing stable grade 1 anterolisthesis of L4 on L5. R. 803. On February 20, 2020, plaintiff had an MRI of the lumbar spine showing multilevel degenerative changes most significant at L4-L5, grade 1 anterolisthesis of L4 on L5 associated with severe facet arthropathy, and moderate-to-severe left and moderate right-sided neural foraminal stenosis at L4-L5, but no high-grade central canal stenosis at any level. R. 792, 799-800. Plaintiff objects that the ALJ impermissibly "infer[red]" from the lack of central canal stenosis that she can stand and walk for 6 hours in an 8-hour workday. Dkt. 16 at 13; Dkt. 21 at 2-3 (citing *Akin v. Berryhill*, 887 F.3d 314, 317

7

(7th Cir. 2018)) (remand required because "the ALJ was not qualified to conclude that the MRI results were 'consistent' with his [RFC] assessment"). Plaintiff is incorrect.

The ALJ properly discussed the x-ray and MRI as part of his thorough analysis and in no way indicated that those tests were consistent with an RFC for light work. R. 119. Instead, the ALJ was persuaded to adopt the opinions from state agency reviewers Judith Kelly, M.D. and Young-Ja Kim, M.D., who both concluded that plaintiff can engage in light work with various postural limitations. R. 75-77, 87-88, 121. Significantly, the ALJ imposed even greater restrictions than Drs. Kelly and Kim, R. 118, 121 (allowing for occasional as opposed to frequent balancing, stooping, kneeling, crouching, and crawling), and plaintiff does not point to any physician of record who found her more limited. *See Tutwiler v. Kijakazi*, 87 F.4th 853, 860 (7th Cir. 2023) ("The lack of an opposing medical opinion [imposing greater restrictions than those the ALJ found in his decision] makes it difficult for us to find that the ALJ misjudged the evidence so significantly as to warrant reversal").

The Court also finds no error in the ALJ's assessment of plaintiff's spondylolisthesis. To begin, plaintiff's undeveloped argument, raised only in her reply brief, that the ALJ should have included spondylolisthesis as a severe impairment at step two of the analysis is waived. Dkt. 21 at 3. *See Devon B. T. v. Kijakazi*, No. 21 C 1312, 2023 WL 2214366, at *5 (N.D. Ill. Feb. 24, 2023) (citing *Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012)) (arguments "raised for the first time in the reply brief and largely undeveloped[ ] are waived"). In addition, any

8

error the ALJ may have made at step two was harmless because he proceeded through the next sequential steps. *See Dorothy B. v. Berryhill*, No. 18 C 50017, 2019 WL 2325998, at *2 (N.D. Ill. May 31, 2019) ("[A]ny error at step two is harmless if the ALJ finds a claimant has *any* severe impairment and goes on to sufficiently address the aggregate effect of all the claimant's severe and non-severe impairments later in his analysis.") (emphasis in original) (citations omitted). Finally, the ALJ's failure to specifically mention spondylolisthesis is "excusable" since he relied on the medical opinions from Drs. Kelly and Kim "who did consider that evidence." *Cassandra L. v. Kijakazi*, No. 21 C 5226, 2023 WL 5830687, at *6 (N.D. Ill. Sept. 8, 2023); R. 85, 88.

     Plaintiff's remaining arguments are poorly developed and unavailing. Contrary to plaintiff's suggestion, for example, the ALJ properly considered "any added or accumulative effects the claimant's obesity played on her ability to function, and to perform routine movement and necessary physical activity within the work environment." R. 119-20. Plaintiff may believe that she has greater limitations stemming from obesity, but she does not cite any physician of record who agreed. *Brumbaugh v. Saul*, 850 F. Appx. 973, 976 (7th Cir. 2021) (affirming where the ALJ acknowledged plaintiff's obesity and plaintiff merely speculated that it caused additional functional limitations).

     The ALJ also provided sound reasons for rejecting plaintiff's claimed need for a cane, explaining that despite sporadic references to a cane or crutches and occasional limping, there was "little evidence of sustained loss in ambulatory

9

endurance, imbalance, or gait dysfunction that required a prescription for or consistent use of an assistive device." R. 121 (citing R. 395, 434, 446, 477-84, 499, 721, 743). *See Jacqueline V. v. O'Malley*, No. 20 C 6272, 2024 WL 1363710, at *5 (N.D. Ill. Mar. 29, 2024) (a cane must be incorporated into an RFC only if there is medical documentation establishing it as a medical necessity); *Buescher v. Berryhill*, No. 16-CV-616-JPG-CJP, 2017 WL 2633206, at *7 (S.D. Ill. June 19, 2017) (ALJ did not err in failing to include a need for a cane in the RFC where "[a]side from self-reported usage and observations by physicians, the record does not contain 'extensive' evidence that would necessitate a finding of medical necessity by the ALJ"). Once again, no physician found plaintiff more limited or indicated that she requires a cane to walk. *Tutwiler*, 87 F.4th at 860.

All that remains is plaintiff's recitation of select findings from various medical records that she believes demonstrate she cannot perform light work. Dkt. 16 at 14; Dkt. 21 at 2. But this Court will not reweigh evidence or substitute its judgment for the ALJ's determination. *Warnell*, 97 F.4th at 1052-53. And even if reasonable minds could differ, the Court defers to the ALJ where, as here, the decision is adequately explained and supported by substantial evidence. *See Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008); *Salvador H. v. Kijakazi*, No. 22 C 7254, 2023 WL 5017944, at *5 (N.D. Ill. Aug. 7, 2023) (citing *Biestek*, 139 S. Ct. at 1154) ("The 'substantial evidence' standard is not a high hurdle to negotiate").

Viewing the record as a whole, the ALJ did not err in finding plaintiff capable of light work and plaintiff's request to remand the case for further consideration of this issue is denied.

## **CONCLUSION**

For the reasons stated above, plaintiff's request to reverse or remand the case [16] is denied, and the Commissioner's motion for summary judgment [19] is granted. The Clerk is directed to enter judgment in favor of the Commissioner.

**SO ORDERED.**

                                                                        **Jeannice W. Appenteng**
                                                                         **United States Magistrate Judge**

Date: 1/17/2025